Filed 7/12/16  P. v. Fritz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN HENRY FRITZ, JR.,<br><br>    Defendant and Appellant. | F070280<br><br>(Super. Ct. No. 1476951)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nan Cohan Jacobs, Judge.  (Retired Judge of the Stanislaus Sup. Ct.)

Jonathan E. Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Kane, Acting P.J., Detjen, J. and Smith, J.

Appointed counsel for defendant John Henry Fritz, Jr. asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment. We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On August 29, 2014, defendant pled no contest to inflicting corporal injury on a spouse resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a)).[1] The factual basis of the plea, to which defense counsel stipulated, was stated by the prosecutor: "In Stanislaus County, on July 30th, 2014, the defendant, John Henry Fritz, Jr., repeatedly punched the mother of his child in the arm, legs, and head, then strangled her, leaving red marks on her neck."

In accordance with the negotiated plea, the trial court imposed a two-year sentence. The prior prison term allegation (§ 667.5, subd. (b)) was dismissed in the interest of justice. The court ordered defendant to pay a $600 restitution fund fine (§ 1202.4, subd. (b)); a matching parole revocation fine, stayed upon successful completion of parole (§ 1202.45); a $40 court operations assessment fine (§ 1465.8); a $30 conviction assessment fine (Gov. Code, § 70373); and restitution to the restitution fund in an amount to be determined (§ 1202.4, subd. (f)). The trial court also issued a domestic violence protective order (§ 136.2, subd. (i)(1)).

Defendant filed a notice of appeal in propria persona on October 15, 2014, checking a box stating: "This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5." The notice of appeal did not seek a certificate of probable cause. According to defense counsel's affidavit, no section 1538.5 motion was ever filed in this case.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) We advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.